**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RENEE PISTONE, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | |
| Defendant. | |

Plaintiff RENEE PISTONE (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant WELTMAN, WEINBERG & REIS CO., L.P.A. (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief WELTMAN, WEINBERG & REIS CO., L.P.A. ("WWR") is a debt collector with a street address of 3705 Mariane Drive,

Grove City, Ohio.

9. Based upon information and belief, Defendant is a company that uses the mail, telephone, email and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have been subject to collection activity which is in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Classes consist of:

**Class 1**
All New Jersey consumers who were subject to one or more collection attempts by Defendant after the consumer had been granted a discharge in bankruptcy and the collection attempt was with respect to a loan or debt that had been listed in the consumer's bankruptcy petition.

**Class 2**
All consumers with addresses in the United States who were subject to one or more collection attempts by Defendant after the consumer had been granted a discharge in bankruptcy and the collection attempt was with respect to a loan or debt that had been listed in the consumer's bankruptcy petition.

**Class 3**

All New Jersey consumers who were subject to the alleged conduct and practices described herein.

- The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons that were subject to the within conduct which violates specific provisions of the FDCPA.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

17. In 2004, following graduation from law school, Plaintiff took out a private, bar examination loan for $11,000 from National City Bank ("NCB") through the Access Group ("Access") in order to prepare for the Pennsylvania bar examination ("the Loan").

18. The purpose of the Loan was to pay for preparation materials for the bar exam as well as living expenses while studying for and taking the bar examination and was not used to pay for Plaintiff's law school education.

19. Beginning in approximately 2005, Plaintiff began making monthly payments on the Loan.

20. On or about June 7, 2005, the Loan was assigned by National City Bank to the Access Group.

21. Or about November 18, 2011, Plaintiff filed a Chapter 7 personal bankruptcy in the New Jersey Bankruptcy Court in the case of In Re Pistone, Case No. 11-43335 ("the Bankruptcy Petition").

22. The Loan was listed as an unsecured loan on the Bankruptcy Petition.

23. There was no objection to the discharge of the Loan as part of the Bankruptcy Petition, and on May 2, 2012, Plaintiff's Bankruptcy Petition was granted, which included a discharge of the Loan.

24. The Loan obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The Loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. NCB is a "creditor" as defined by 15 U.S.C. § 1692a(4)..

27. When Access referred the Loan for collection to Defendant, the Loan was in default.

28. On or about June 10, 2020, Defendant filed suit on behalf of the Access Group against Plaintiff in The Superior Court of New Jersey, Law Division, Special Civil Part, Ocean County, Dkt. No. OCN-DC-004385-20 in the case of Accesslex Institute d/b/a Access Group v. Pistone, ("the State Court Action") seeking to collect on the Loan.

29. At the time that the State Court Action had been filed, the Loan had previously been discharged by the Bankruptcy Petition,

30. Additionally, at the time the State Court Action had been filed, the statute of limitations had run on the Loan.

31. After the State Court Action was filed, it was served upon Plaintiff via

7

regular U.S. and/or certified mail, return receipt requested.

32. The State Court Action was served on Plaintiff in connection with the collection of the Loan.

33. On July 20, 2020, Plaintiff filed a Motion to dismiss the State Court action, based upon the fact that the Loan had been discharged when the Bankruptcy Petition had been granted.

34. The Motion to dismiss was opposed by Defendant.

35. On September 14, 2020, Plaintiff's Motion to Dismiss the Complaint in the State Court Action was granted and the Court dismissed the Complaint with prejudice. Attached as **Exhibit A** is a copy of the Order dismissing the State Court Action Complaint with Prejudice.

36. Defendant was not entitled to sue Plaintiff on the Loan in the State Court Action since the Loan has previously been discharged when Plaintiff's Bankruptcy Petition was granted.

37. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

38. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

39. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

40. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

41. Under the FDCPA, Plaintiff had the right to receive certain information

from Defendant regarding his or her rights under the FDCPA.

42. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

43. Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding his or her rights under the FDCPA.

44. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

46. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

47. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

48. The failure of Defendant to provide correct information impeded

Plaintiff's ability to make a well-reasoned decision.

49. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

50. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

51. It is Defendant's policy and practice with respect to loans that have been discharged in bankruptcy, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) By making false representations of the character or legal status of a debt; and

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

52. On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibits to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

53. Plaintiff repeats the allegations contained in paragraphs 1 through 52 as if the same were set forth at length.

54. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

55. Defendant violated:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; a

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
           June 10, 2021

> Respectfully submitted,
>
> By: s/ Lawrence C. Hersh
>     Lawrence C. Hersh, Esq.
>     17 Sylvan Street, Suite 102B
>     Rutherford, NJ  07070
>     (201) 507-6300
>     *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 10, 2021                    By: s/ Lawrence C. Hersh
                                              Lawrence C. Hersh, Esq.

EXHIBIT A

**LAWRENCE C. HERSH (003142002)**
ATTORNEY AT LAW
17 SYLVAN STREET, SUITE 102B
RUTHERFORD, NJ  07070
(201) 507-6300
Attorney for Defendant

| | | |
|---|---|---|
| ACCESSLEX Institute d/b/a ACCESS GROUP assignee of National City Bank, | : : : | Superior Court of New Jersey Ocean County, Law Division Special Civil Part |
| Plaintiff, | : : | Docket No.   OCN-DC-004385-20 |
| v. | : : | **CIVIL ACTION** |
| RENEE A PISTONE, | : : | **ORDER** |
| Defendant. | : | |

This matter having been opened to the Court by Lawrence C. Hersh, Esq., attorney for Defendant, on notice to Courtney A. Martin, Esq. of Weltman, Weinberg & Reis Co., L.P.A., attorneys for Plaintiff, seeking an Order to Dismiss the Complaint, and the Court having reviewed the moving papers and opposing papers, if any, and for good cause shown,

IT IS on this  14th  day of      SEPTEMBER     , 2020

ORDERED that the Complaint against Defendant Renee A. Pistone is dismissed with prejudice; and it is further

ORDERED that a copy of this Order shall be served upon all parties within 7 days

*James W. Palmer, Jr.*
Hon. James W. Palmer, Jr., J.S.C.
J.S.C.

_____    Opposed

1

2

__X__     Unopposed

2